NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-3010

CHARLES R. MCCOY,

Petitioner,

v.

UNITED STATES POSTAL SERVICE,

Respondent.

Charles R. McCoy, of Allen, Texas, pro se.

Joseph E. Ashman, Steven J. Abelson, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With him on the brief were Jeanne E. Davidson, Director, and Bryant G. Snee, Deputy Director.

Appealed from: Merit Systems Protection Board

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-3010

CHARLES R. MCCOY,

Petitioner,

v.

UNITED STATES POSTAL SERVICE,

Respondent.

Petition for review of the Merit Systems Protection Board in DA-0752-07-0263-B-1.

_____

DECIDED: February 9, 2009

_____

Before LINN, PROST, and MOORE, Circuit Judges.

PER CURIAM.

Charles R. McCoy ("McCoy") seeks review of a final decision of the Merit Systems Protection Board ("Board"), which affirmed his removal from the United States Postal Service ("the agency"). McCoy v. U.S. Postal Serv., No. DA-0752-07-0263-B-1 (M.S.P.B. June 16, 2008) ("Decision"), review denied, McCoy v. U.S. Postal Serv., No. DA-0752-07-0263-B-1 (M.S.P.B. Sept. 18, 2008). Because we lack jurisdiction to review McCoy's petition, we dismiss.

McCoy was removed from his position as a maintenance custodian with the agency following an altercation in which he allegedly threatened the life of his supervisor. McCoy filed a grievance pursuant to the collective bargaining agreement between his union and the agency. The grievance was eventually appealed to

arbitration. After a hearing, during which McCoy was represented by a union official, the arbitrator issued a decision, concluding that the agency's Notice of Proposed Removal was issued for just cause. McCoy subsequently filed an appeal with the Board, challenging the agency's removal action and for the first time alleging that his removal resulted from unlawful racial discrimination. Specifically, McCoy alleged that he was disciplined disparately from similarly situated white employees under the agency's "zero tolerance" policy toward violence in the workplace. Following Board proceedings unrelated to the instant appeal, the administrative judge concluded that the doctrine of collateral estoppel barred McCoy's attempt to relitigate the agency's removal action, Decision at 16-17, and that McCoy failed to prove his affirmative defense of racial discrimination, id. at 20. The full Board denied review, and McCoy timely appealed to this court.

"In Williams v. Department of the Army, 715 F.2d 1485 (Fed. Cir. 1983), this court held that it had no jurisdiction over the merits of a mixed case, i.e., one involving an adverse action and a claim of discrimination. However, a case which was presented to the [Board] as a mixed case will be heard by this court if the petitioner files an explicit waiver of the claim of discrimination." Davidson v. U.S. Postal Serv., 24 F.3d 223, 223-24 (Fed. Cir. 1994). McCoy purported to file such a waiver in this case, checking the box on his Statement Concerning Discrimination pursuant to Federal Circuit Rule of Appellate Procedure 15(c) indicating that "[n]o claim of discrimination by reason of race, sex, age, national origin, or handicapped condition has been or will be made in this case." Notwithstanding McCoy's notation of waiver, the sole issue raised in his petition is the Board's decision with respect to his claim of racial discrimination. See Pet'r's

Informal Br. at 1 (challenging "disparity of treatment"). Because McCoy has not presented any arguments that are divorced from his discrimination claim, we lack jurisdiction to review his petition. As a result, we must <u>dismiss</u>.

COSTS

No costs.